UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
JOYCE JORDAN
on behalf of herself and
all other similarly situated consumers

                    Plaintiff,

-against-

CAPITAL MANAGEMENT SERVICES, L.P.

                    Defendant.
-------------------------------------------------------

**SUMMONS ISSUED**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 12 2013 ★

LONG ISLAND OFFICE

**CV 13 2248**

TOWNES, J.
POHORELSKY, M.

### CLASS ACTION COMPLAINT

#### *Introduction*

1. Plaintiff Joyce Jordan seeks redress for the illegal practices of Capital Management Services, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

#### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Joyce Jordan*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about February 28, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter provides various settlement offers and then concludes by stating: "Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance."

12. Said letter is contradictory and outrageous, as the initial paragraphs of the letter lead the debtor to assume that once the agreed settlement has been paid in full, the account would be considered settled; while a succeeding paragraph in letter seems to suggest that if the debtor is to make a mistake and pay more than the settlement amount agreed upon, the excess monies would go towards the amount already forgiven in the settlement.

13. The Defendant's said statements constitute a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

14. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirteen (13) as if set forth fully in this cause of action.

15. This cause of action is brought on behalf of Plaintiff and the members of a class.

16. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter on or about February 28, 2013; (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Chase Bank USA, NA; and (c) the collection letter was not returned by the postal service as undelivered; (d) that the Defendant made deceptive and misleading representation in said letter, in violation of 15 U.S.C. §§ 1692e, and 1692e(10).

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

19. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

21. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

22. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
April 9, 2013

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317



Reference# 087983877

T8 P1*********AUTO**3-DIGIT 112

Joyce Jordan
2719 W 33RD ST APT 2
BROOKLYN, NY 11224-1631

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 a.m. - 10 p.m. ET
Sat 8 a.m. - 4 p.m. ET
Toll Free: 1-877-218-9024, Fax: (716) 512-6020

Current Creditor: CHASE BANK USA, N.A.
Account #: XXXXXXXXXXXX1987
Balance: $4664.91
AMOUNT ENCLOSED: _____
Current Address: _____
_____
Current Phone #: _____

................PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW................

February 28, 2013

************36% TAX SEASON SETTLEMENT OFFER************

Dear Joyce Jordan:

On behalf of CHASE BANK USA, N.A., Capital Management Services, LP. is willing to accept less than the full balance due as a settlement on the above mentioned account. The settlement offer shall be $1,679.37 due in our office no later than TEN (10) days from the receipt of this letter. Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance. We are not obligated to renew this offer.

Upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied.

Our representatives are trained to offer assistance regarding this obligation. For account inquiries, you may contact Capital Management Services, LP. at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317 or call 1-877-218-9024 Mon. through Fri. 8 am to 10 pm ET, Sat. 8 am to 4 pm ET. Payments and correspondence should be mailed to: Capital Management Services, LP, P.O. Box 87, Buffalo, NY 14220-0120. Overnight deliveries should be addressed to: Capital Management Services, LP., 698 1/2 South Ogden Street, Buffalo, NY 14206-2317.

Chase Bank USA, NA is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C. If Chase Bank USA, NA is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS. Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

### ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs, License No. 1242722.

Please contact Ronnie Learmen at 1-866-900-9732

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★   APR 12 2013   ★

**LONG ISLAND OFFICE**

---------------------------------------------------------
JOYCE JORDAN

                    Plaintiff,

         -against-

CAPITAL MANAGEMENT SERVICES, L.P.

                  Defendant.
---------------------------------------------------------

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**CV 13 2248**

TOWNES, J.

**POHORELSKY, M.**

TO:  CAPITAL MANAGEMENT SERVICES, L.P.
      698 1/2 SOUTH OGDEN STREET
      BUFFALO, NEW YORK, 14206

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY

        Adam J. Fishbein, P.C.
        Attorney At Law
        483 Chestnut Street
        Cedarhurst, NY 11516

an answer to the complaint which is herewith served upon you, within **21** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

DOUGLAS C. PALMER
CLERK

12 APR 2013
DATE

s/ Eric L. Russo
BY DEPUTY CLERK

**As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.**